**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **SHANGHAI BIREN TECHNOLOGY CO., LTD.,** <br> Building 16, Room 1302, 13th Floor, <br> No. 2388 Chenhang Highway, <br> Minhang District, Shanghai, China, <br><br> *Plaintiff,* <br><br> v. <br><br> **U.S. DEPARTMENT OF COMMERCE,** <br> 1401 Constitution Avenue, NW <br> Washington, DC 20230; and <br><br> **BUREAU OF INDUSTRY AND SECURITY,** <br> 1401 Constitution Avenue, NW <br> Washington, DC 20230, <br><br> *Defendants.* | **Civil Action No. 1:26-cv-01920** <br><br><br> **COMPLAINT** |

## INTRODUCTION

1.      Plaintiff Shanghai Biren Technology Co., Ltd. ("Biren"), formerly known as Shanghai Biren Intelligent Technology Co., Ltd., brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*., seeking an order requiring Defendant U.S. Department of Commerce ("Commerce Department" or "Commerce") and Defendant Bureau of Industry and Security ("BIS") to release agency records that Plaintiff requested from Defendants on February 20, 2026, and which have been unlawfully withheld.

2.      Biren is a technology company engaged in the design and development of integrated circuits and related products.  Biren operates through a network of affiliated entities and

related companies in China that support chip design, research and development, and commercialization of Biren's products.

3.    In October 2023, Defendants issued a final rule adding thirteen entities to BIS's Entity List (the "Final Rule").  *See* Entity List Additions, 88 Fed. Reg. 71991, 71992 (Oct. 19, 2023).  Among those entities are Biren and entities affiliated with it, including Beijing Biren Technology Development Co., Ltd.; Guangzhou Biren Intelligent Technology Co., Ltd. (formerly known as Guangzhou Biren Integrated Circuit Co., Ltd.) [1] ; Hangzhou Biren Technology Development Co., Ltd.; Shanghai Biren Information Technology Co., Ltd.; Guangzhou Biren Semiconductor Technology Co., Ltd. (formerly known as Shanghai Biren Integrated Circuit Co., Ltd.) [2] ; Shanghai Biren Intelligent Technology Co., Ltd.; Shanghai Xinzhili Enterprise Development Co., Ltd. (also known as Suzhou Xinyan Holdings Co., Ltd.); and Zhuhai Biren Integrated Circuit Co., Ltd.[3]

4.    The Entity List designates foreign persons subject to trade restrictions for exports, reexports, and transfers (in-country) of items subject to the Export Administration Regulations ("EAR"), 15 C.F.R. pts. 730-774.

5.    To understand Defendants' reasons for adding Plaintiff to the Entity List, Plaintiff submitted a FOIA request to Defendant BIS on February 20, 2026.

6.    Defendants have not provided any response to Plaintiff's FOIA request within (or after) the statutorily required 20 working days, other than automatically generated emails

---

[1] The entity is listed as Guangzhou Biren Integrated Circuit Co., Ltd. on the Entity List.  Its name changed to Guangzhou Biren Intelligent Technology Co., Ltd. in 2025.

[2] The entity is listed as Shanghai Biren Integrated Circuit Co., Ltd. on the Entity List.  Its name changed to Guangzhou Biren Semiconductor Technology Co., Ltd. in 2025.

[3] Unless otherwise specified, this Complaint refers to Biren and the affiliated entities identified in the Final Rule collectively as "Biren."

acknowledging receipt of and assigning a case number to Plaintiff's request. Therefore, Plaintiff is seeking judicial intervention to require that Defendants comply with their obligations under FOIA.

7. Plaintiff respectfully requests that this Court order the immediate disclosure of all responsive records that Defendants have unlawfully withheld or, in the alternative, set a schedule for rolling productions that begins promptly.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action and these parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

9. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

10. Plaintiff Shanghai Biren Technology Co., Ltd., formerly known as Shanghai Biren Intelligent Technology Co., Ltd., is a technology company engaged in the design and development of integrated circuits and related products headquartered in Shanghai, China.

11. Defendant U.S. Department of Commerce is an agency of the United States Government, within the meaning of 5 U.S.C. § 552(f)(1), and headquartered in Washington, D.C. The Commerce Department has possession, custody, and control of records to which Plaintiff seeks access.

12. Defendant Bureau of Industry and Security is a component of the Commerce Department, an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and headquartered in Washington, D.C. BIS has possession, custody, and control of records to which Plaintiff seeks access.

**FACTS**

**I.    Statutory and Regulatory Background**

13.    BIS maintains the "Entity List" pursuant to the Export Control Reform Act of 2018, 50 U.S.C. §§ 4801-4852, and related regulations.  BIS regulations describe the Entity List as a list that "identifies persons . . . reasonably believed to be involved, or to pose a significant risk of being or becoming involved, in activities contrary to the national security or foreign policy interests of the United States."  15 C.F.R. § 744.16.

14.    Entities may be added to the Entity List if there is "reasonable cause to believe, based on specific and articulable facts, that the entity . . . has been involved, is involved, or poses a significant risk of being or becoming involved in activities that are contrary to the national security or foreign policy interests of the United States."  *Id.* § 744.11(b).

15.    BIS publishes the Entity List at Supplement No. 4 to Part 744 of Title 15 of the Code of Federal Regulations, as part of the EAR.

16.    Placement on the Entity List subjects listed entities to a highly restrictive export control regime that, in practice, functions as a *de facto* embargo—imposing heightened license requirements, sharply curtailing license exceptions, and deterring counterparties worldwide due to a presumption of denial for most exports, reexports, and in-country transfers.  *See* 15 C.F.R. §§ 744.11, 744.16; 15 C.F.R. pt. 744, supp. no. 4.

**II.    Plaintiff's Placement on the Entity List**

17.    On October 19, 2023, BIS published the Final Rule that added Biren to the Entity List, effective October 17, 2023.  *See* 88 Fed. Reg. at 71991-92; *see also supra* ¶ 3.  Biren was added with a license requirement and a license review policy of "presumption of denial" for all items subject to the EAR.  88 Fed. Reg. at 71992.

18.    Biren did not receive advance notice of its placement on the Entity List.

### III.    Plaintiff's FOIA Request

19.    On February 20, 2026, Plaintiff submitted a FOIA request to Defendant BIS via the Commerce Department's FOIA Public Access Link ("PAL") website.[4]  The request sought, inter alia, records relating to the identification, investigation, evaluation, consideration, or decision to add Biren and its affiliates to the Entity List; any national security, foreign policy, military end-use, or end-user analyses concerning Biren and its affiliates; communications between BIS and other U.S. government agencies regarding Biren and its affiliates; communications between BIS and third parties concerning those Entity List designations; and records reflecting the evidentiary basis, criteria, rationale, licensing policies, or mitigation measures associated with those designations.  A true and correct copy of Plaintiff's February 20, 2026, BIS FOIA request is attached hereto as **Exhibit A**.

20.    Later that same day, Plaintiff's counsel concurrently received two automatically generated emails from the Department of Commerce: one acknowledging receipt of Plaintiff's FOIA request and providing a case number for it—DOC-BIS-2026-000438—and another indicating that the status of Plaintiff's FOIA request had been updated to "Received."

21.    As of the date of this Complaint's filing, the status of Plaintiff's FOIA request on the PAL website is "Assigned for Processing."

22.    Upon information and belief, Defendants possess records responsive to Plaintiff's request.

---

[4] Plaintiff submitted the request together with its affiliated entities identified in the Final Rule. All are represented by the undersigned Counsel.

## CAUSE OF ACTION

### Violation of FOIA – Failure to Release Records Sought through Plaintiff's Request

23. Plaintiff incorporates by reference and realleges Paragraphs 1-22.

24. Under FOIA, Defendants had 20 working days to furnish a determination of Plaintiff's request. *See* 5 U.S.C. § 552(a)(6)(A)(i)(I). As of the date of this Complaint's filing, Defendants have provided no determination of, or any other substantive response to, Plaintiff's FOIA request. Nor have Defendants requested any extension of time to respond or given Plaintiff written notice of any unusual circumstances warranting such an extension. *See id.* § 552(a)(6)(B).

25. Defendants have violated FOIA, 5 U.S.C. § 552(a), by failing to substantively respond to Plaintiff's FOIA request and failing to release the records requested.

26. Defendants' failure to provide any determination or other substantive response regarding Plaintiff's FOIA request serves to constructively exhaust Plaintiff's administrative remedies. *See* 5 U.S.C. § 552 (a)(6)(C)(i); *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 182 (D.C. Cir. 2013).

27. Plaintiff has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by Defendants of said right.

### REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

a) order Defendants to disclose the records requested;

b) set a schedule for producing the requested records to Plaintiff;

c) award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

d) grant such other relief as the Court may deem just and proper.

Dated:  June 2, 2026

Respectfully submitted,

 /s/ Deborah A. Curtis
ARNOLD & PORTER KAYE SCHOLER LLP
Deborah A. Curtis (D.C. Bar No. 451716)
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel: (202) 942-5000
Deborah.Curtis@arnoldporter.com

*Attorney for Plaintiff*